IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| D THREE ENTERPRISES, LLC, | § § | |
| Plaintiff, | § § | Case No. 1:15-cv-1148 |
| v. | § § | **JURY TRIAL DEMANDED** |
| RILLITO RIVER SOLAR LLC d/b/a ECOFASTEN SOLAR, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff D THREE ENTERPRISES, LLC ("Plaintiff") files this Original Complaint against Defendant RILLITO RIVER SOLAR LLC d/b/a ECOFASTEN SOLAR, alleging as follows:

## I.  THE PARTIES

1.    D THREE ENTERPRISES, LLC ("Plaintiff") is a Limited Liability Company organized and existing under the laws of the State of Colorado, with a principal place of business in Lafayette, Colorado.

2.    Upon information and belief, Defendant RILLITO RIVER SOLAR LLC d/b/a ECOFASTEN SOLAR ("EcoFasten") is a corporation organized and existing under the laws of the State of Arizona, with a principal place of business in Morrisville, VT.  Defendant EcoFasten may be served with process by serving its Registered Agent, Sandra Sturns at 289 Harrel Street, Morrisville, VT  05661.

1

## II.  **JURISDICTION AND VENUE**

3.      This is an action for infringement of a United States patent.  Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      Upon information and belief, Defendant has had minimum contacts with the District of Colorado such that this venue is fair and reasonable.  Defendant has committed such purposeful acts and/or transactions in this district that it reasonably should know and expect that it could be hauled into this Court as a consequence of such activity.  Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the District of Colorado.

5.      For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   **PATENT INFRINGEMENT**

6.      On April 8, 2014, United States Patent No. 8,689,517 B2 ("the '517 Patent") was duly and legally issued for "ROOF MOUNT SEALING ASSEMBLY."  A true and correct copy of the '517 Patent is attached hereto as Exhibit "A" and made a part hereof.

7.       By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '517 Patent, with all rights to enforce them against infringers and to collect damages for all relevant times, including the right to prosecute this action.

8.      Upon information and belief, Defendant manufactures, makes, has made, imports, has imported, markets, sells and/or uses products and/or systems that infringe one or more claims of the '517 Patent.

2

9.      On information and belief, Defendant, without authority, consent, right, or license, and in direct infringement of the '517 Patent, manufactures, has manufactured, makes, has made, uses, imports, has imported, markets, sells, and/or offers for sale systems and/or products that directly infringe one or more claims of the '517 Patent. By way of example only, its QuikFoot Roof Mount System with P-3-CSK Compression Post directly infringes at least claims 1, 2, 3, 4, 6, 9, 10, 11, 12, 13, 14 and 16 of the '517 Patent.

10.      Plaintiff expressly reserves the right to assert additional claims of the '517 and expressly reserves the right to assert additional patents.

11.      Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

12.      Upon information and belief, Defendant will continue its infringement of the '517 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  <u>JURY DEMAND</u>

13.      Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## <u>V. RELATED CASES</u>

14.      This case is related to three other cases that are being filed concurrently herewith, namely: *D Three Enterprises, LLC v. Sunmodo Corporation*, for infringement of U.S. Patent Nos. 8,689,517 (the Patent-in-Suit in the instant suit) and 8,707,655; *D Three Enterprises, LLC v. EJOT*

*Fastening Systems L.P*., for infringement of U.S. Patent No. 8,833,032; and *D Three Enterprises, LLC v. Quickscrews International Corp.*, for infringement of U.S. Patent No. 8,833,032.  All of the three above-referenced U.S. Patents are titled "Roof Mount Sealing Assembly"; trace their lineage to the same parent patents (U.S. Patent Nos. 8,707,654, 8,448,405, and 8,661,765) and to the same provisional application (No. 61/150,301, filed on February 5, 2009); list the same inventors, namely, Richard F. Schaefer of Fort Lupton, Colorado, David Kreutzman, of Louisville, Colorado, and Don N. Tamm, of Denver, Colorado; and are owned or controlled by the same entity, namely, Plaintiff D Three Enterprises, LLC. Pursuant to the joinder provision of the America Invents Act, 35 U.S.C. § 299, these four lawsuits were filed separately.  However, for the sake of judicial efficiency, for the convenience of the parties and witnesses, and to avoid the risk of conflicting claim constructions, Plaintiff respectfully submits that all four lawsuits should be consolidated for all pre-trial purposes, including discovery, claim construction, motion practice, and pre-trial conferences.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.   Judgment that one or more claims of the '517 Patent have been directly infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.   Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.   That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

4

d.   That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.   That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.   That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of the '517 Patent; and

g.   That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  June 2, 2015.                   Respectfully submitted,

/s/ David A. Skeels
Michael T. Cooke
Dave R. Gunter
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX  76102
817-334-0400
Fax:  817-334-0401
skeels@fsclaw.com
mtc@fsclaw.com
gunter@fsclaw.com

John Henry Schlie
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
Telephone: 303-830-1616
Fax: 303-333-4124
johnhenry@schlielawfirm.com

Denis H. Mark
DENIS H. MARK, PC
5105 DTC Parkway, Suite 450
Greenwood Village, CO  80111
Phone: 303-741-4741
Fax: 303-220-8150
dmark@dhmpc.com

**ATTORNEYS FOR PLAINTIFF**