## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-1148-CBS

D THREE ENTERPRISES, LLC,

       Plaintiff,

v.

RILLITO RIVER SOLAR LLC, d/b/a
ECOFASTEN SOLAR,

       Defendant.

## SCHEDULING ORDER IN A PATENT CASE

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

On August 13, 2015, Plaintiff's Counsel, David A. Skeels, and Defendant's Counsel, Melanie J. Reichenberger and Katherine W. Schill, held their FRCP 26(f) conference.

### 2.  STATEMENT OF JURISDICTION

This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff: Plaintiff hereby summarizes its claims, without waiving any rights to add additional claims or to pursue additional remedies. This is a patent infringement case. More specifically, on April 8, 2014, United States Patent No. 8,689,517 B2 ("the '517 Patent") was duly and legally issued for a "ROOF MOUNT SEALING ASSEMBLY." By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '517 Patent, with all rights to enforce it against infringers and to collect damages for all relevant times, including the right to prosecute this action. On information and belief, Defendant,

1

without authority, consent, right, or license, and in direct infringement of the '517 Patent, manufactures, has manufactured, makes, has made, uses, imports, has imported, sells, and/or offers for sale systems and/or products that directly infringe one or more claims of the '517 Patent . By way of example only, EcoFasten's QuikFoot Roof Mount System with P-3-CSK Compression Post directly infringes at least claims 1, 2, 3, 4, 6, 9, 10, 11, 12, 13, 14, and 16 of the '517 Patent.

Plaintiff seeks damages in an amount that adequately compensates for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

Plaintiff also seeks costs, pre- and post-judgment interest, and a permanent injunction against Defendant's ongoing infringement. Finally, Plaintiff seeks a finding that Defendant's infringement is and has been willful from the time Defendant became aware of the infringing nature of its products, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284 .

b.      Defendant:  As more fully set forth in Defendant's Answer and Affirmative Defenses, Defendant denies that it has infringed, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '517 Patent.  Defendant has also asserted several affirmative defenses including non-infringement and invalidity, among others.

c.      Other Parties: This matter includes no other parties.

However, Plaintiff contends that this case is related to three other cases that were filed at the same time, namely: *D Three Enterprises, LLC v. Sunmodo Corporation*, for infringement of U.S. Patent Nos. 8,689,517 (the same Patent-in-Suit asserted against EcoFasten) and 8,707,655; and *D Three Enterprises, LLC v. EJOT Fastening Systems L.P.*, for infringement of U.S. Patent No. 8,833,032; and *D Three Enterprises, LLC v. Quickscrews International Corp.*, for infringement of U.S. Patent No. 8,833,032. All of the above-referenced U.S. Patents: (i) are titled "Roof Mount Sealing Assembly"; (ii) trace their lineage to the same parent patents (U.S. Patent Nos. 8,707,654, 8,448,405, and 8,661,765) and to the same provisional application (No. 61/150,301, filed on February 5, 2009); (iii) list the same inventors, namely, Richard F. Schaefer of Fort Lupton, Colorado, David Kreutzman, of Louisville, Colorado, and Don N. Tamm, of Denver, Colorado; and (iv) are owned or controlled by the same entity, namely, Plaintiff D Three Enterprises, LLC. For the sake of judicial efficiency, for the convenience of the parties and witnesses, and to avoid the risk of conflicting claim constructions, Plaintiff intends to file a Motion to Consolidate, showing that all three lawsuits should be consolidated for all pre-trial purposes, including discovery, claim construction, motion practice, and pre-trial conferences.

Depending on the extent to which Plaintiff ultimately requests consolidation of the above proceedings in its Motion, Defendant may oppose such a Motion.

## 4. UNDISPUTED FACTS

The Parties agree that the following facts are not in dispute:

1. D THREE ENTERPRISES, LLC ("Plaintiff" or "D3") is a Limited Liability Company organized and existing under the laws of the State of Colorado, with a principal place of business in Lafayette, Colorado.

2. RILLITO RIVER SOLAR LLC, d/b/a ECOFASTEN SOLAR ("Defendant" or "EcoFasten") is a limited liability company organized and existing under the laws of the State of Arizona, with a principal place of business in Morrisville, Vermont.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. According to its website, Defendant manufactures and sells "watertight solar and thermal roof mounts and components from [its] facility in Morrisville, Vermont." Defendant's products incorporate "watertight roof penetrations and flashings," which are "used for installing rooftop solar arrays."

5. Defendant's product offerings include its QuikFoot Roof Mount System.

6. Defendant has transacted business within the District of Colorado.

7. On April 8, 2014, the United States Patent and Trademark Office issued United States Patent No. 8,689,517 B2 ("the '517 Patent"), which is titled "ROOF MOUNT SEALING ASSEMBLY."

8. The face of the '517 Patent states that the '517 Patent is a "Division of application No. 13/799,359, [now Pat. No. 8,707,654,] which is a continuation of application No. 13/368,332, filed on Feb. 8, 2012, now Pat. No. 8,448,405, which is a continuation-in-part of application No. 12/700,667, filed on Feb. 4, 2010[, now Pat. No. 8,661,765]." The face of the '517 Patent also states that the '517 Patent claims priority to provisional application No. 61/150,301, filed on February 5, 2009.

9. The '517 Patent identifies Richard F. Schaefer of Fort Lupton, Colorado, David Kreutzman, of Louisville, Colorado, and Don N. Tamm, of Denver, Colorado as the three co-inventors on the '517 Patent.

10. The face of the '517 Patent identifies D Three Enterprises, LLC as the assignee of the patent.

### 5. COMPUTATION OF DAMAGES

Plaintiff is entitled to damages adequate to compensate it for Defendant's infringement. In accordance with the patent laws, Plaintiff is entitled to statutory damages, including the possibility of at least a reasonable royalty or Defendant's profits related to the infringement. A determination of a methodology for damages cannot be made at this time because sales and related data have yet to be provided by Defendant, and discovery is in its infancy. Plaintiff is also entitled to a permanent injunction (implementing its right to exclude) against future infringement.

Defendant disputes that Plaintiff is entitled to any relief whatsoever based on Defendant's actions, whether monetary damages, injunctive relief, or otherwise.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting: **August 13, 2015**.

b.  Names of each participant and party he/she represented.

   David A. Skeels
   Friedman, Suder & Cooke
   604 East Fourth Street, Suite 200
   Fort Worth, Texas  76102
   Tel: (817) 334-0400
   Fax: (817) 334-0401
   E-mail: skeels@fsclaw.com
   Counsel for Plaintiff D Three Enterprises, LLC

   Katherine W. Schill
   Melanie J. Reichenberger
   Michael Best & Friedrich LLP
   100 East Wisconsin Avenue, Suite 3300
   Milwaukee, Wisconsin 53202
   Tel: (414) 271-6560
   Fax: (414) 277-0656
   E-mail:  kwschill@michaelbest.com
            mjreichenberger@michaelbest.com
   Counsel for Defendant EcoFasten

c.  Deadline for parties to make Rule 26(a)(1) disclosures: **September 1, 2015**.

4

    d.      Statement concerning any agreements to conduct informal discovery:

In connection with settlement discussions, the parties have agreed to discuss – under the protections of Federal Rule of Evidence 408 – some of their respective positions on infringement, validity, and damages and have agreed to consider exchanging certain documents and information relating to same prior to the formal discovery process.

    e.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties commit to working cooperatively and in good faith to reduce the costs of litigation, to expedite the just disposition of the case, and to reduce discovery and other litigation costs.

The parties agree that before serving deposition notices and subpoenas, they will make a good faith effort to obtain deposition dates and locations that are agreeable for the attorneys who will take and defend each deposition and that are convenient for the witness. The parties also agree to make a good faith effort to respond within five (5) business days to requests for proposed deposition dates, with at minimum, an acknowledgement of such request. Absent agreement otherwise, depositions of parties and party employees will take place at a reasonably convenient location that takes into account the location of the witness. The party producing the witness for deposition may recommend a deposition location.

The parties agree to use a unified exhibit numbering system; for example, the parties agree to use good faith efforts to number each party's deposition exhibits sequentially or to use some other mutually agreed convention in an effort to avoid or minimize the instances of duplicate or overlapping exhibit numbers.

The parties agree that documents reflecting attorney work product or attorney client communications by Plaintiff's or Defendant's counsel that were created on or after the filing date of this case will not be identified or included on any privilege log.

Further, without waiving any rights to conduct discovery and to prosecute the case in any manner permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable rules of court, the parties agree to discuss, in good faith, whether and when it might be appropriate to use: telephone depositions, joint repositories for documents, discovery in other cases, and expert affidavits to support judicial notice.

*See also* Part 9(d) *infra.*

f.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form, sometimes referred to as electronically stored information, or "ESI."

The parties anticipate that their claims and defenses will likely involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In that regard, the parties have considered, used, and relied upon the Court's "CHECKLIST FOR RULE 26(f) MEET AND CONFER REGARDING ELECTRONICALLY STORED INFORMATION," and will continue to do so, to guide their meet-and-confer discussions on the subject of ESI. As referenced above, the parties are negotiating and intend to file with the Court an agreed order governing the handling and production of ESI.

g.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties are actively pursuing good faith efforts to resolve the case at an early stage. Thus far, the parties' settlement communications have been limited to direct talks between the parties' outside counsel. The parties do not currently anticipate a settlement prior to claim construction. However, they remain committed to good faith discussions about the possibility of settlement prior to claim construction. The parties have discussed various methods of alternative dispute resolution and agree that mediation would be appropriate at some point. The parties have discussed the possibility of an early mediation. However, the parties agree that Court-ordered mediation should be required only after the Court has issued its claim construction order. The parties agree to promptly report the results of any mediation to the magistrate judge.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

The following proposed case plan and schedule does not reflect modifications to the schedule that may be required should additional patents or other causes of action be asserted by either party.

a.  Deadline to join parties or amend pleadings: **January 22, 2016.**

**Infringement Contentions**

b.  Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents: **October 19, 2015** *[at least 24 days after Initial Scheduling Conference]*

    c.      Deadline to serve Response to Infringement Contentions and produce accompanying documents: **November 30, 2015** *[42 days after service of Infringement Contentions]*

**Invalidity Contentions**

    d.      Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art: **November 30, 2015** *[42 days after service of Infringement Contentions]*

    e.      Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents: **January 21, 2016** *[52 days after service of invalidity contentions]*

**Opinion of Counsel**

    f.      Deadline to make opinion(s) of counsel available for inspection and copying: **January 11, 2016**

**Claim Construction**

    g.      Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (10) of the most critical terms to be construed: **February 8, 2016** *[28 days after service of Response to Invalidity Contentions]*

    h.      Deadline to file Joint Disputed Claim Terms Chart: **March 7, 2016** *[28 days after exchange of claim terms to be construed]*

    i.      Proposed month for technology tutorial with District Judge and Magistrate Judge (optional): **None**.

    j.      Deadline to file opening Claim Construction brief and all supporting evidence: **April 4, 2016** *[28 days after filing Joint Disputed Claim Terms Chart]*

    k.      Deadline to file Response to opening Claim Construction brief and all supporting evidence: **April 25, 2016** *[21 days after service of opening claim construction brief]*

    l.      Deadline to file reply brief in support of opening Claim Construction brief and to file a "Joint Motion for Determination," which will serve as notice to the Court that claim construction briefing has been completed: **May 2, 2016** *[7 days after service of response brief]*

m.      Proposed month for claim construction hearing: **May or June, 2016**. Estimated time necessary for the hearing: **1.5 hours per party. As referenced above, Plaintiff intends to file a motion to consolidate this matter with other pending matters. Defendant expressly reserves the right to oppose any such motion. If the Court consolidates multiple cases and holds a single claim construction hearing involving multiple defendants, then, after the parties have determined the number and identity of claim terms in dispute, the parties agree to meet and confer, in good faith, to try to determine what changes, if any, may be appropriate in regards to the total amount of time allotted to each side.**

**Final Patent Disclosures**

n.      Deadline to file Final Infringement Contentions: **21 days after Court's Claim Construction Order**

o.      Deadline to file Final Invalidity Contentions: **21 days after receiving Final Infringement Contentions**

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p.      Fact discovery deadline: **75 days after Court's Claim Construction Order**

q.      Expert Witness Disclosure.

        1.      Anticipated fields of expert testimony: **the technology of the patents-in-suit, infringement, willful infringement, validity, and damages.**

        2.      Limitations which the parties propose on the use or number of expert witnesses: **maximum of three (3) experts per party.**

        3.      Deadline to designate all affirmative experts and to provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), including information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C), for issues on which that party bears the burden of proof: **28 days after close of fact discovery**.

        4.      Deadline to designate all rebuttal experts and to provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), including information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C): **28 days after party bearing the burden of proof has served its opening expert report(s)**.

r.  Expert Discovery Deadline: **28 days after service of rebuttal expert reports.**

s.  Dispositive motions deadline: **28 days after close of expert discovery.**

## 9. DISCOVERY LIMITATIONS

**As referenced above, Plaintiff intends to file a motion to consolidate this matter with other pending matters. Defendant expressly reserves the right to oppose any such motion. If the Court consolidates multiple cases for the purpose of discovery, then the parties agree to meet and confer, in good faith, to determine what revisions, if any, may be appropriate with respect to these limitations.**

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: **None, except as stated below**.

b.  Limitations which any party proposes on the length or number of depositions: **Pursuant to Federal Rule of Civil Procedure 30(d)(1), unless otherwise stipulated by the parties or ordered by the Court, the deposition is limited to 1 day (7 hours, excluding breaks), provided that the Court may allow additional time consistent with Fed. R. Civ. P. 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), a party must obtain leave of court to exceed a total of 10 depositions taken per party under Rules 30 or 31. The parties may conduct additional discovery beyond the limits specified in this order, including additional deposition time, upon written agreement of the parties or if granted the right to do so by the Court upon a showing of good cause.**

c.  Limitations on written discovery: **unlimited requests for admission on issues related to the authenticity or admissibility of documents; 50 requests for admission and 50 requests for production per party related to the substance of any issue raised in the case. Federal Rule of Civil Procedure 33(a)(1)'s limit of 25 written interrogatories per party shall apply.**

d.  Other Planning or Discovery Orders

   1.  Deadline for filing proposed protective order(s): **September 1, 2015**.

   2.  Other issues: the parties agree that nothing herein shall limit any party's right to raise objections to any discovery, including objections that the requested discovery is unduly burdensome or cumulative.

   3.  As referenced above, the parties will ask the Court to adopt an agreed order governing the handling and production of ESI.

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

b.  A final pretrial conference will be held in this case on _____ at _____o'clock _ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: **None**.

b.  Anticipated length of trial and whether trial is to the court or jury: **1-week jury trial**.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado: **None.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *prose* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

Unless otherwise authorized herein, the scheduling order may only be altered or amended by the Court and only upon a showing of good cause.

DATED this _____ day of _____, 20_____.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ David A. Skeels
Michael T. Cooke
Dave R. Gunter
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
skeels@fsclaw.com
mtc@fsclaw.com
gunter@fsclaw.com

John Henry Schlie
Law Office of John Henry Schlie, P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, Colorado 80111
303-830-1616    Fax: 303-333-4124
johnhenry@schlielawfirm.com

Denis H. Mark
DENIS H. MARK, PC
5105 DTC Parkway, Suite 450
Greenwood Village, CO 80111
Phone: 303-741-4741
Fax: 303-220-8150
dmark@dhmpc.com

**ATTORNEYS FOR PLAINTIFF**


/s/ Melanie J. Reichenberger
Katherine W. Schill
Rachel N. Bach
Michael Best & Friedrich LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
Tel: (414) 271-6560
Fax: (414) 277-0656
E-mail: kwschill@michaelbest.com
mjreichenberger@michaelbest.com
rnbach@michaelbest.com

Christopher P. Beall
Levine Sullivan Koch & Schulz, LLP
1888 Sherman Street, Suite 370
Denver, Colorado 80203
Tel: (303) 376-2400
Fax: (303) 376-2400
cbeall@lskslaw.com

**ATTORNEYS FOR DEFENDANT**