IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:  1:15-cv-1148-CBS

D THREE ENTERPRISES, LLC,

        Plaintiff,

v.

RILLITO RIVER SOLAR LLC, d/b/a
ECOFASTEN SOLAR,

        Defendant.

---

## AGREED PROTECTIVE ORDER

---

The parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    <u>Scope</u>.   All materials produced or adduced in the course of discovery, including initial disclosures, responses to subpoenas and discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "Documents"), shall be subject to this Order concerning Confidential Information, as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    <u>Confidential Informati</u>on.   (a) As used in this Order, "Confidential Information" or "Highly Confidential Information" – as further described in Sections 5(b) and (c) – means information designated by the producing party as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "Highly Confidential – Outside Counsel Eyes

Only – Subject to Protective Order," respectively (or designated using substantially similar wording), and that falls within one or more of the following categories:  (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential;  (iv) medical information concerning any individual; (v) personal identity information; (vi) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (vii) personnel or employment records of a person who is not a party to the case. Information that falls within categories (ii) or (iii) above and that includes technical information or technical data relating to the design, composition, manufacture, or operation of products or systems used or to be used for fastening or mounting systems for solar installations on various roof types and substrates may hereafter be referred to as "Technical Information". Information or documents that are available to the public may not be designated as Confidential or Highly Confidential Information.

(b)     The Highly Confidential designation should be used as sparingly as possible, and such designations should be carefully reconsidered, upon request, in order to avoid where reasonably possible the inconveniences and inefficiencies of filing materials under seal.  To the extent a receiving party determines in good faith that the assistance of an in-house party representative, such as an officer or in-house counsel of a party, is reasonably necessary to the conduct of the litigation in which the information is disclosed, and that such assistance requires in-house access to Highly Confidential Information, then the Parties shall negotiate in good faith to determine whether and under what terms such limited access should be granted.  If the Parties

2

reach agreement in writing, then such agreement will serve to modify this Order for

that limited purpose. If, after a period of seven calendar days, the Parties are unable to

reach agreement, then the Party seeking access to Highly Confidential Information for

an in-house representative may seek relief from the Court.

      3.   <u>Designation</u>.

      (a)   A party may designate a Document as Confidential or Highly

Confidential for protection under this Order by placing or affixing the appropriate

designation (*see* Section 2 above) on the Document and on all copies in a manner that

will not interfere with the legibility of the Document.  As used in this Order, "copies"

includes electronic images, duplicates, extracts, summaries or descriptions that contain

the Confidential Information.  The designation shall be applied prior to or at the time

the Documents are produced or disclosed. Application of the Confidential or Highly

Confidential designation to a Document does not mean that the Document has any

status or protection by statute or otherwise except to the extent and for the purposes of

this Order.  Any copies that are made of any Documents so designated shall also be so

marked, except that indices, electronic databases, or lists of Documents that do not

contain substantial portions or images of the text of marked Documents and do not

otherwise disclose the substance of the Confidential or Highly Confidential Information

are not required to be marked.

      (b)   The designation of a Document as Confidential or Highly

Confidential Information is a certification by an attorney or a party appearing pro

se that he or she believes, ~~in good faith~~ **pursuant to Rule 26(g)**, that the

Document contains Confidential  or Highly Confidential Information as defined in

this order.

4.      Depositions.

Deposition testimony is protected by this Order only if designated as Confidential or Highly Confidential  on the record at the time the testimony is taken (*e.g.*, during the deposition or at the end of the deposition while the court reporter and party representatives are still present). Such designation shall be specific as to the portions that contain Confidential or Highly Confidential Information.  Deposition testimony so designated shall be treated as Confidential or Highly Confidential Information protected by this Order until fourteen days (or a longer period, if agreed to in writing by both parties) after delivery of the transcript by the court reporter to any party or the witness.  Within fourteen days after delivery of the transcript (or a longer period, if agreed to in writing by both parties), a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential or Highly Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential or Highly Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5.      Protection of  Confidential and Highly Confidential Material.

(a)      General  Protections.  Confidential and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons or entities identified in subparagraph (b) for any purpose whatsoever other than in this litigation.

(b)     **Limited Third-Party Disclosures for Confidential Information.**
The parties and counsel for the parties shall not disclose or permit the disclosure of
any Confidential Information to any third person or entity except as set forth in
subparagraphs (1)-(9). Subject to these requirements, the following categories of
persons are allowed to review Confidential Information:

(1)     Outside Counsel.  Outside Counsel for the parties and
employees of outside counsel who have responsibility for
the action;

(2)     Parties.  Individual parties and employees of a party,
including in-house counsel, but only to the extent outside
counsel determines in good faith that the employee's
assistance is reasonably necessary to the conduct of the
litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and
recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the
limited purpose of making copies of Documents or
organizing or processing Documents, including outside
vendors hired to process electronically stored Documents;

(6)     Consultants and Experts. Consultants, investigators, or
experts employed by the parties or counsel for the parties
to assist in the preparation and trial of this action but only
after: such persons have completed and signed the
certification contained in Attachment A, Acknowledgment
of Understanding and Agreement to Be Bound; such
signed certification is provided to the producing party; and
the obligations pursuant to subparagraph 5(c) below have
been fulfilled;

(7)     Witnesses at depositions.   During their depositions,
witnesses in this action to whom disclosure is reasonably
necessary.  Witnesses shall not retain a copy of Documents
containing Confidential Information, except witnesses may
receive a copy of all exhibits marked at their depositions in
connection with review of the transcripts.  Pages of

transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant tothe process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)   Author or recipient. The author or recipient of the Document (not including a person who received the Document in the course of litigation); and

(9)   Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)   Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert or consultant, and in addition to providing a signed Acknowledgment of Understanding and Agreement to Be Bound, the receiving party must provide to the producing party the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry within the previous five (5) years.  The producing party will thereafter have five (5) business days from receipt of the Acknowledgment of Understanding and Agreement to Be Bound and related expert information to object to any proposed individual.  The objection must be made for good cause and in writing, stating with particularity the reasons for the objection.  Failure to object within five (5) business days constitutes approval.  If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter.  There will be no disclosure to any proposed individual during the five (5) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

(d)     Limited Third-Party Disclosures for Highly Confidential Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third party or entity except as set forth in, and subject to the requirements described in, subparagraphs (b)(1) and (b)(3)-(9), provided, however, that Highly Confidential Information filed with the Court under subparagraph (b)(4) should be filed under seal or other appropriate measures should be taken to avoid public disclosure.

(e)     Control of Documents.  The parties and their counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential and Highly Confidential Information.

(f)     Absent the written consent of the producing Party, any counsel or representative of counsel, or receiving Party or any agent of the receiving Party that sees, reviews, participates in discussions that reveal any of the contents of, or otherwise accesses Technical Information properly designated as Confidential Information or Highly Confidential Information shall not be involved in the prosecution of patents or patent applications relating to roof mount assemblies (including but not limited to any application claiming priority to the asserted patents, any application claiming priority to an application in the family of applications to which the asserted patents claim priority, or any application otherwise related to the patents asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office).  For purposes of this paragraph, "prosecution" means any involvement for purposes of determination of claim amendments, claim limitations, or claim drafting in original prosecution or reissue

proceedings. "Prosecution" does not include participation in inter partes review proceedings. For avoidance of doubt, nothing in this paragraph shall prevent any individual from participation in inter partes review proceedings, or from participating in determining claim amendments in connection with inter partes review proceedings. This prohibition on patent prosecution shall only begin when this Agreed Protective Order has been entered AND Confidential or Highly Confidential Technical information has been received by the affected individual, and shall end one year (1) after the final resolution of this action, including all appeals. This prosecution bar is personal to the person receiving such information and shall not be imputed to any other person or entity.

(g)     No person shall submit or disclose any "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" Discovery Material, or information derived therefrom, for purposes other than the prosecution or defense of this action, including, without limitation, for the purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination or in any United States Patent and Trademark Office post-grant proceeding, such as reexamination or *inter partes* review, or in any proceeding in a foreign patent office. Notwithstanding anything to the contrary in this Agreement, any Party or individual who is subject to this Protective Order and who believes in good faith that he, she, or it has or may have conflicting legal obligations, such as, for example, co-existing obligations to (a) abide by the terms of this Protective Order and (b) disclose Confidential or Highly Confidential material to the USPTO pursuant to a duty of candor or to a third

party in response to a valid subpoena, may seek judicial relief (for example, leave

from this Court to amend the Protective Order) to try to resolve the conflict or alleged

conflict.

      6.    <u>Inadvertent Failure to Design</u>ate.  An inadvertent failure to designate

a Document as Confidential Information does not, standing alone, waive the right to so

designate the Document; provided, however, that a failure to serve a timely Notice of

Designation of deposition testimony as required by this Order, even if inadvertent,

waives any protection for deposition testimony.  If a party designates a Document as

Confidential or Highly Confidential Information after it was initially produced, the

receiving party, on notification of the designation, must make a reasonable effort to

assure that the Document is treated in accordance with the provisions of this Order.

No party shall be found to have violated this Order for failing to maintain the

confidentiality of material during a time when that material has not been designated

Confidential or Highly Confidential Information, even where the failure to so designate

was inadvertent and where the material is subsequently designated Confidential     or

Highly Confidential Information.

      7.    <u>Filing of Confidential or Highly Confidential Inf</u>ormation.  This Order

does not, by itself, authorize the filing of any Document under ~~seal~~ **restriction**.  Any

motion requesting leave to file a Document under ~~seal~~ **restriction** shall comply

with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the

Confidential or Highly Confidential information at issue is entitled to protection

under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S.

589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th

Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

8.    <u>No Greater Protection of Specific Documents</u>.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.    <u>Challenges by a Party to Designation as Confidential or Highly Confidential Information</u>. The designation of any material or Document as Confidential or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)    Meet and Confer.   A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)    Judicial Intervention.   A party that elects to challenge a confidentiality  designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion

in any such challenge proceeding shall be on the designating party.  Until the Court

rules on the challenge, all parties shall continue to treat the materials as Confidential

or Highly Confidential Information under the terms of this Order.

      10.    <u>Action by the Co</u>urt.   Applications to the Court for an order relating to

materials or Documents designated Confidential or Highly Confidential Information

shall be by motion. Nothing in this Order or any action or agreement of a party

under this Order limits the Court's power to make orders concerning the disclosure

of Documents produced in discovery or at trial.

      11.    <u>Use of Confidential or Highly Confidential Documents or Information</u>

<u>at Trial</u>.   Nothing in this Order shall be construed to affect or preclude the use of any

Document, material, or information at any trial or hearing.  A party that intends to

present or that anticipates that another party may present Confidential or Highly

Confidential information at a hearing or trial shall bring that issue to the Court's and

parties' attention by motion or in a pretrial memorandum, without disclosing the

Confidential Information. The Court may thereafter make such orders as are

necessary to govern the use of such Documents or information at trial.

      12.    <u>Confidential or Highly Confidential Information Subpoenaed or Ordered</u>
<u>Produced in Other Li</u>tigation.

      (a)    If a receiving party is served with a discovery request, subpoena

or an order issued in other litigation that would compel disclosure of any material or

Document designated in this action as Confidential Information, the receiving party

must so notify the designating party, in writing, immediately and in no event more than

five court days after receiving the subpoena or order.  Such notification must include

a copy of the subpoena or court order.

(b)     The receiving party also must immediately, and in no event more than five court days after receiving the discovery request, subpoena or order, inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must promptly deliver a copy of this Order to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  If a designating party does not take steps to prevent disclosure within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto so long as they are designated under any applicable protective order in the other litigation at an equivalent or greater level of protection as that afforded by this Order. The party to whom the subpoena or other request is directed also may produce such documents as required to comply with any legal duty or obligation imposed by the court or other judicial, arbitral, administrative, or legislative body.

(d)     The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential or Highly Confidential

Information of the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders.   A party or interested member of the public has a right to challenge the sealing of particular Documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.   Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential or Highly Confidential Information, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return;  or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so; or (4) the receiving party shall destroy Documents containing Confidential or Highly Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential or Highly Confidential Information, or Confidential or Highly Confidential Information contained in deposition transcripts or drafts or final expert reports.

(c)    Retention of Work Product and one set of Filed Documents.

Notwithstanding the above requirements to return or destroy Documents, outside

counsel may retain (1) attorney work product, including an index that refers or relates

to designated Confidential or Highly Confidential Information so long as that work

product does not duplicate verbatim substantial portions of Confidential Information,

and (2) one complete set of all Documents filed with the Court, including those filed

under seal.  Any retained Confidential or Highly Confidential Information shall continue

to be protected under this Order.  An attorney may use his or her work product in

subsequent litigation, provided that its use does not disclose or use Confidential or

Highly Confidential Information.

15.    Order Subject to Modification.  This Order shall be subject to

modification by the Court on its own initiative or on motion of a party or any

other person with standing concerning the subject matter.

16.    No Prior Judicial Determination.  This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating

discovery.  Nothing herein shall be construed or presented as a judicial determination

that any Document or material designated Confidential or Highly Confidential

Information by counsel or the parties is entitled to protection under Rule 26(c) of the

Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on

a specific Document or issue.

17.    Persons Bound.  This Order shall take effect when entered and shall be

binding upon all counsel of record and their law firms, the parties, and persons made

subject to this Order by its terms.

14

So  Ordered.

Dated:  September 8, 2015          s/ Craig B. Shaffer
                                   U.S. Magistrate Judge Craig B. Shaffer

WE SO MOVE and agree to abide by the forms of this Order:


Dated: September 1, 2015                /s/ Melanie J. Reichenberger
                                          Melanie J. Reichenberger
                                          Katherine W. Schill
                                          Rachel N. Bach
                                          Michael Best & Friedrich LLP
                                          100 East Wisconsin Ave., Suite 3300
                                          Milwaukee, Wisconsin 53202
                                          Tel: (414) 271-6560
                                          Fax: (414) 277-0656
                                          E-mail: kwschill@michaelbest.com
                                          mjreichenberger@michaelbest.com
                                          rnbach@michaelbest.com

                                          Christopher P. Beall
                                          Levine Sullivan Koch & Schulz, LLP
                                          1888 Sherman Street, Suite 370
                                          Denver, Colorado 80203
                                          Tel: (303) 376-2400
                                          Fax: (303) 376-2400
                                          cbeall@lskslaw.com

                                          Attorneys for Defendant EcoFasten


Dated: September 1, 2015                /s/ David A. Skeels
                                          David A. Skeels
                                          Michael T. Cooke
                                          Dave R. Gunter
                                          Friedman Suder & Cooke
                                          604 East 4th Street, Suite 200
                                          Fort Worth, TX 76102
                                          Tel: (817) 334-0400
                                          Fax: (817) 334-0401
                                          E-mail: skeels@fsclaw.com
                                          E-mail: mtc@fsclaw.com
                                          E-mail: gunter@fsclaw.com
                                          Attorneys for D Three Enterprises, LLC

16

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:  1:15-cv-1148

D THREE ENTERPRISES, LLC,
                Plaintiff,

v.

RILLITO RIVER SOLAR LLC,
d/b/a ECOFASTEN SOLAR,
                Defendant.

---

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

---

        The undersigned hereby acknowledges that he/she has read the Protective Order dated August____, 2015 entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Colorado courts in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern.

        The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:          _____

Job Title:      _____

Employer:      _____

Business Address: _____

                _____

Date: _____    _____
                Signature