**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

---

D THREE ENTERPRISES, LLC,

        Plaintiff,

vs.

RILLITO RIVER SOLAR LLC, d/b/a
ECOFASTEN SOLAR,

        Defendant.

Case No. 1:15-cv-01148-CBS

---

**DEFENDANT ECOFASTEN'S OPPOSITION TO PLAINTIFF'S MOTION
TO CONSOLIDATE RELATED CASES FOR ALL PRE-TRIAL PROCEEDINGS**

---

Defendant Rillito River Solar LLC, d/b/a EcoFasten Solar, ("EcoFasten") hereby opposes Plaintiff's Motion to Consolidate Related Cases for All Pre-Trial Proceedings ("Motion"). The defendants, including EcoFasten, have agreed to coordinate certain aspects of discovery. However, EcoFasten continues to oppose formal consolidation of the three cases at this time. Substantial differences among the defendants, the accused products, and the patent claims asserted compel the conclusion that the cases are not sufficiently overlapping to justify consolidation.

**ARGUMENT**

The three cases Plaintiff seeks to consolidate undisputedly involve *different* defendants, *different* accused products, and *different* patents. Despite the many differences among the cases, the parties have worked to coordinate certain aspects of discovery to promote efficiency without risking prejudice to any defendant. Given that coordination, full consolidation of all pre-trial

issues appears premature and the existence of sufficiently overlapping issues of fact is speculative.

### A.    The Parties Have Agreed to Coordinate Certain Aspects of Discovery.

In an effort to promote efficiency, Defendants have agreed with Plaintiff to coordinate discovery efforts to the extent practicable. EcoFasten understands that the parties have agreed to the following:

    **1.    Interrogatories.** Plaintiff will serve 15 "common" interrogatories on all defendants, and will have an additional 10 interrogatories that may be propounded separately on an individual defendant. Thus no defendant will respond to more than 25 interrogatories. Defendants will work together to serve 15 "common" interrogatories on Plaintiff, and each defendant has the option of serving an additional 15 interrogatories. This agreement assumes that Plaintiff's interrogatory responses will provide the requested information for all asserted claims of all asserted patents. That is, a "common" interrogatory seeking the earliest conception date requires a response that provides a conception date for every different claim asserted against Defendants. Moreover, the agreement assumes that Plaintiff will produce the responses to each defendant in the three cases and that the discovery will be usable in each separate case.

    **2.    No duplication.** Defendants have agreed that they will not serve duplicative discovery requests on Plaintiff.

### B.    Differences Among the Cases Weigh Against Consolidation for All Pre-Trial Issues at this Time.

Given the differences among the three cases, the parties have not been able to agree upon the remaining aspects of the proposals in Plaintiff's motion. EcoFasten submits that those

proposals seem to presuppose that the three different defendants will act as one, even though each defendant has its own counsel and the defendants compete with each other in the marketplace. EcoFasten will set forth why consolidation for all pre-trial matters is unwarranted at this time, and then address the particulars of D3's proposals.

Plaintiff's Motion is governed by Federal Rule of Civil Procedure 42(a), which provides: "[i]f actions before the court involve[] a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). This rule allows a trial court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2381 at 427 (2d ed. 1995)). While this Court has discretion "to order pre-trial consolidation of cases involving patent disputes **with common questions of law or fact**," the Court need not do so "where it finds insufficient justification." *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-cv-00032-TS-EJF, 2012 U.S. Dist. LEXIS 104682, at *6 (D. Utah July 25, 2012) (emphasis added). Plaintiff bears the burden of proving that consolidation is proper. *Shump v. Balka*, 573 F.2d 1341, 1344 (10th Cir. 1978); *Leeds v. Matrixx Initiatives, Inc.*, No. 2:10-cv-199-DAK, 2012 U.S. Dist. LEXIS 47279, at *3 (D. Utah Apr. 2, 2012).

Plaintiff alleges that "the three Related Cases share many common issues of law and fact," (Pl.'s Mot. to Consol. 4) but ignores the substantial differences among the cases. First, the defendant in each case is a separate entity, unrelated to any other named defendant. Indeed, the

defendants are *competitors* in the roof attachment equipment industry, each of whom owns its own patent portfolios.  Second, the accused products in each case are different from those of the other cases.  Each defendant sells its own products.  No defendant sells the products of another defendant.  Thus the infringement inquiry does not necessarily involve common facts.  Plaintiff's reliance on photos of each defendant's respective products is misplaced because the photos alone cannot establish that the claim-by-claim infringement analysis will be the same – particularly given the three cases assert different combinations of patents.

Each case Plaintiff seeks to consolidate relates to a different combination of patents.  As shown in the table below, Plaintiff has asserted one patent against EJOT, two different patents against both EcoFasten and SunModo, and a fourth patent against EcoFasten alone.

|  | '517 Patent | '655 Patent | '032 Patent | '339 Patent |
|---|---|---|---|---|
| Asserted against EcoFasten | √ | √ |  | √ |
| Asserted against EJOT |  |  | √ |  |
| Asserted against SunModo | √ | √ |  |  |

Plaintiff's attempt to gloss over these differences and paint a picture of total commonality among the cases does not carry its burden to justify consolidation.  For example, in the table on page seven of D3's Motion, Plaintiff notes that term "flashing" appears in three patents. (Dkt. 32, p. 7.)  In the next row, Plaintiff contends that a fourth patent recites "'sheet member' [rather than 'flashing']" – plainly implying that flashing and sheet member share the same interpretation.  *Id.*  It is merely speculative to assume that "flashing" and "sheet member" will be, or should be, construed identically.  Moreover, while the term "flashing" appears alone in the '517 and '339 Patents, that is not the case with the '032 Patent.  Instead, the '032 Patent recites a

"flashing member." (U.S. Patent No. 8,833,032 col. 10:28.) Plaintiff's apparent speculation that the terms "flashing," "flashing member," and "sheet member" will be construed to have the same meaning lacks any basis in fact or law and cannot support consolidation at this time.

The four asserted patents have their own claim terms and their own file histories. The facts related to the "common" legal issues of claim construction, infringement, and validity are different. The individual defendants – each of whom has its own counsel – have different legal and factual issues as well as litigation strategies. Where, as here, the same patents are not asserted against each defendant, Plaintiff's contention that common issues of fact or law predominate is merely speculative. *See Leeds*, 2012 U.S. Dist. LEXIS 47279, at *7. The differences among the parties, the accused products, and the asserted patents weigh against consolidation. *See, e.g.*, *C.R. Bard, Inc.*, 2012 U.S. Dist. LEXIS 104682. at *5, 6; *Safe Streets Alliance, et al. v. Alternative Holistic Healing, LLC, et al.*, No. 1:15-cv-00349-REB-CBS, 2015 U.S. Dist. LEXIS 97637, at *6 (D. Colo. July 27, 2015) (Consolidation denied where analysis "will not be made more efficient or efficacious by requiring consideration of the allegations of a different complaint implicating different allegations against different defendants.").

### C. Many Cases Cited by Plaintiff in Support of Consolidation are Inapposite.

Plaintiff mistakenly relies on a string citation of cases in which consolidation was ordered. Many of those cases have no bearing on Plaintiff's Motion because the circumstances compelling consolidation do not exist here.

For example, in *Cellport Systems v. BMW of North America, L.L.C.*, this Court granted a motion to consolidate two patent cases because (1) the motion was unopposed by any party; and (2) each case involved the same two patents. No. 14-cv-01631-PAB-KLM, 2014 U.S. Dist.

LEXIS 170092, at *3-6 (D. Colo. Dec. 9, 2014). Here, by contrast, Defendants oppose consolidation though they have agreed to work to coordinate discovery as much as possible, and the three cases involve different combinations of patents. This Court also granted a motion to consolidate two patent cases in *Otter Products, LLC v. Treefrog Developments, Inc.* because both cases at issue were filed against the same defendant and alleged infringement of the same patents. No. 11-cv-02180-WJM-KMT, 2013 U.S. Dist. LEXIS 166666, at *5-10 (D. Colo. Feb. 7, 2013). Here, again, the cases involve different defendants and different patents.

Similarly, consolidation in *Paxonet Communications, Inc. v. Transwitch Corporation*, was deemed proper where two actions had been brought by the same plaintiff against the same defendant. 303 F. Supp.2d 1027, 1029 (N.D. Cal. 2003). In *Timebase Party Ltd. v. Thomson Corporation*, the court granted a motion for consolidation **brought by the defendants** because the cases involved the same parties, who "[did] not dispute the clear advantages of litigating the [different] patent infringement cases together." No. 07-cv-4551-JNE-JJG, 2008 U.S. Dist. LEXIS 21775, at * 16 (D. Minn. Feb. 7, 2008). By contrast, again, this case involves different defendants who oppose full consolidation.

The circumstances that courts find promote judicial efficiency without prejudice to any party – for example, identity of defendants and identity of patents – do not exist in this case. Plaintiff has not borne its burden to show that consolidation is justified despite the myriad differences among the three cases. Accordingly, the Motion should be denied.

    **D.**    **Given the Differences Among the Cases, Plaintiff's Proposals Regarding Consolidation are Unwarranted and Should not be Adopted.**

        **1.**    **It is Premature to Order Consolidation for Claim Construction at This Time.**

EcoFasten understands that all parties have agreed to defer the issue of consolidation as it relates to the claim construction process. Because the parties do not yet know what claim terms will require construction and whether disagreements exist regarding the proper construction of those terms, an order consolidating the cases now for all pre-trial issues, including claim construction, would unnecessarily impair Defendants' respective ability to pursue the most appropriate strategy under their particular factual situations.

After the parties have determined which claim terms in the four different patents will actually be at issue, they will confer to determine whether claim construction issues can be briefed jointly by Defendants and what if any page limitations would be appropriate for that briefing process. The parties will also confer regarding the logistics of a claim construction hearing, including whether a single hearing makes sense and what the appropriate time allocations for each party would be.

        **2.**    **Plaintiff's Proposal Regarding Document Production Would Unduly Limit Defendants.**

EcoFasten does not agree to consolidate requests for production of documents as proposed by Plaintiff in its motion. Defendants have already agreed in their respective scheduling conferences to serve no more than 50 requests for production on Plaintiff. Moreover, based on Plaintiff's agreement that its production of documents in response to one defendant's requests will be served on all defendants as if the requests had been made in each case, Defendants have agreed not to serve duplicative document requests on Plaintiff. Plaintiff's

Motion, however, seeks to limit Defendants to 15 "common" requests for production and 20 additional requests per separate defendant. Thus rather than the 50 requests already agreed to by Plaintiff for purposes of the scheduling conference, Plaintiff now seeks to impose a limit of 35 requests for production. Because each defendant has agreed not to duplicate the document requests propounded by other defendants, Plaintiff's proposed limits on requests for production of documents are unwarranted.

### 3. Plaintiff's Attempt to "Consolidate" Depositions Would Unduly Restrict Defendants' Ability to Present Their Own Defenses and Pursue Their Own Strategies.

EcoFasten agrees to work with SunModo and EJOT to coordinate certain depositions to the extent feasible. However, Plaintiff's Motion would impose restrictions on Defendants that would impair their respective rights to pursue their own defenses and strategies.

#### a. Named inventors/patent applicants

Under the Federal Rules, each defendant is entitled to depose each inventor of the patent(s) asserted against it for seven hours. Thus each inventor could be subject to three separate days of deposition, one by each defendant. Under the guise of "consolidation" Plaintiff seeks to limit Defendants to a total of no more than one 7-hour deposition per inventor. Defendants have offered to coordinate their efforts and limit themselves to a total of 14 hours per inventor (or two 7-hour days) and allocate the time among themselves, provided that the testimony of the inventors may be used by any defendant, no matter which defendant's attorney actually conducted the examination. As noted above, the three cases involve different patents with different claims. Consolidation of inventor depositions as requested by Plaintiff would

restrict each defendant's ability to obtain the evidence it believes it needs to best pursue its defenses.

### b. Non-inventor fact witnesses

Similarly, D3's attempt to restrict Defendants' ability to depose witnesses for themselves and on their own timetables is unjustified. Fact witnesses from each party are likely to have information related to both invalidity defenses and infringement claims. Defendants should not be forced to share their time for such witnesses.

### c. Expert witnesses

Plaintiff proposes to require the defendants to depose expert witnesses collectively. This limitation is simply unreasonable. While D3 may retain only one liability expert for all three cases, that expert will necessarily have to submit separate infringement reports for each defendant (because each company has its own accused products ) and separate rebuttal reports regarding validity (because each defendant will likely have its own expert report regarding validity). Granting D3's motion now as it relates to expert witnesses would effectively force Defendants to collaborate on expert depositions even though D3's expert will have opined on multiple different claims of four different patents. D3 has presented no justification for this restriction on Defendants' rights to pursue differing theories of non-infringement and invalidity.

### 4. Defendants Are Entitled to Present Their Own, Separate Summary Judgment Arguments in Their Own Briefs.

The order sought in Plaintiff's Motion would require Defendants to work as a unified whole with respect to summary judgment of invalidity, by permitting only a single brief regarding invalidity "per side" with additional pages per additional patent. Plaintiff attempts to treat the three different defendants as a single party but offers no legitimate justification for this

9

limitation. Given the different number of patents and claims at issue in each of the three different cases, it is not reasonable to require Defendants to consolidate their summary judgment briefing. Not only are the patents in suit different, as shown in the summary chart above, but Defendants are competitors, each of whom has its own lawyers. Each defendant may want to (and is entitled to) focus on a different invalidity argument, pursue different theories of invalidity, and present defenses on different timetables. Given the many differences among the cases, as set forth above, consolidating summary judgment briefing impairs each defendant's right to select and effectuate its own legal strategies.

## CONCLUSION

The cases Plaintiff seeks to consolidate relate to different patents, different accused products, and different defendants who compete against each other in the marketplace. While EcoFasten agrees to coordinate certain aspects of discovery to prevent unnecessary duplication of effort, EcoFasten respectfully opposes formal consolidation of these cases. Consolidation of claim construction may become an efficient alternative after claim terms have been identified. At this time, however, the existence of common legal and factual issues is merely speculative, as is the suggestion that judicial efficiency will be gained without prejudice to Defendants. Accordingly, Plaintiff's Motion should be denied at this time.

Dated this 13th day of October, 2015.

By: *s/ Katherine W. Schill*
Katherine W. Schill
Melanie J. Reichenberger
Rachel N. Bach
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202-4108
Phone: 414.271.6560
Fax: 414.277.0656
kwschill@michaelbest.com
mjreichenberger@michaelbest.com
rnbach@michaelbest.com

Christopher P. Beall
LEVINE SULLIVAN KOCH &
SCHULZ, LLP
1888 Sherman Street, Suite 370
Denver, CO 80203
Phone: 303.376.2406
Fax: 303.376.24001
cbeall@lskslaw.com

*Attorneys for Defendant*
*Rillito River Solar LLC, d/b/a EcoFasten Solar*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2015, I caused the foregoing document to be electronically filed with the Court, which will provide electronic service on the following counsel of record for Plaintiff, who are registered with the Court's ECF/CM system:

>David A. Skeels
>Michael T. Cooke
>Dave R. Gunter
>FRIEDMAN, SUDER & COOKE
>604 East 4th Street, Suite 200
>Fort Worth, TX 76102
>817-334-0400
>Fax: 817-334-0401
>skeels@fsclaw.com
>mtc@fsclaw.com
>gunter@fsclaw.com
>
>John Henry Schlie
>Law Office of John Henry Schlie, P.C.
>7100 E. Belleview Avenue, Suite G-11
>Greenwood Village, Colorado 80111
>Telephone: 303-830-1616
>Fax: 303-333-4124
>johnhenry@schlielawfirm.com
>
>Denis H. Mark
>DENIS H. MARK, PC
>5105 DTC Parkway, Suite 450
>Greenwood Village, CO 80111
>Phone: 303-741-4741
>Fax: 303-220-8150
>dmark@dhmpc.com

*s/Katherine W. Schill*